Chief Justice Robertson,
delivered the opinion of the court.
This writ of error is prosecuted to reverse a judgment against the demandant in a writ of dower unde nihil habet. The defendant, who was sued as tenant, did not entey his appearance, but demurred to the evidence given on a writ of inquiry; and the demurrer was joined by the demandant and sustained by the court. The opinion on the demurrer was reserved until the jury had returned a verdict •in favor of the demandant for dower and for one cent in damages. . And then, after sustaining the demur *587 rer, the following judgment was rendered. “Therefore it is considered by the court that the defendant recover against the plaintiff his costs by him, his defence herein, expended, and the said plaintiff in mercy &c.” J
Writ of dower unde nihil ha-tho„nu* an áppropriate remedy fjo statute of Kentucky, or Prior tion,'has'pre-scribed mode ?f proceeding m writs of dower.
British* forms re] a tira to writs of d°^gr-]ShaJ![(j jS’proper mode of proceeding m state,8 de-cussed and settled,
The common law writ is an unusual though an appropriate remedy for obtaining dower in this state. But as no statute of Kentucky, or of Virginia prior to the seperation, has prescribed the mode of pro-ceedure throughout, and as the bill in equity had, in the practice of both states, superseded the real action of the common law in cases of dower, we have to decide now, for the first time and without the aid of any direct authority, how far the ancient British forms in such cases shall prevail, and what is the proper mode of proceeding in the courts of this state.
In England, when the writ was obtained, a summons was served on the land and proclamation, warning the tenent of the freehold, was made, fourteen days before the return of the summons, on a Sabbath day after divine service, at or near the church in the parish in which the land lay; on a proper return of the service and proclamation, the tenant was entitled to an essoign jfhe appeared, but if he failed to appear the demandant was entitled to a “Grand Cape” commanding the sheriff to take one third of the land de-signaled- by metes and bounds by the view of good and lawful men (generally two) and to warn the tenant to appear at the next term'. On a proper return of the grand cape the demandant was entitled to a judgment for her dower and for a writ of seizin for the land, described in the return, to be held by her in severalty; after judgment for dower by default, if the demandent claimed damages also, and suggested on the record that her husband died seized, a writ of inquiry was awarded; the inquisition was taken by the sheriff in the country and returned on the writ of seizin: It was not necessary to file a connt unless the tenant entered his appearance and offered to plead; and when an issue was made up, unless the jury, impannelled and sworn to try it, found specially that the husband died seized and of what estate and when he died, the demandant was not entitled to damages; (II. Saunder’a Reports, 43, n. 1. 3. 4.)
Ia England, ' the judgment for dower and for damages'14 were deemed distinct and 'it common' taw, suit for dower was considered as ended-by the seizin and the damages were added, by the statute of mer-whenhusband diedseized; and hence sonaf*notice was not necessary in or-a^ud^memtfor dower, an inquisition of fhe^afnn]™38 tenant"hadSS personal notice of time of writ oMnqui* ry.
isloand'isii (I. Dig’t. 258 uíatin^ci^r proceedings in all suits at common law, dower Dot ^ only as to the reti'106 and cesTbutalso" as to the dings & trial. On writs for dower, in this ¡s necessary-whether thes ai>pear *
*588 The judgment for dower and that for damages were deemed distinct, and independent, the one. of the other‘ The su’t was considered as ended.,-at common law, by the judgment for seizin, and the damages were added by the statute of Merton, only when the husband died seized; and hence, though personal notice was n°l necessary in order to obtain a judgment for dower, an inquisition of damages was illegal and ineffectual unless- the tenant had personal notice of the time of executing the writ of inquiry; (II. Sanders^ 45, a. n. 4.)
A statute of Virginia (1748) re-enactedin this state *n (I- Dig. 66,) declares that “process in ail real acbons shall be the same and have the same effect as in England except that the returns shall be according to the laws of this common wealthand also allows one imPar.lance) and abolishes “mews” essoins, and “vouchers.” An act of 1798 (I. Dig. 66.) reformed the method of proceeding in writs of right; but the m0^e°f proceeding in writs of dower has never been-specially regulated by any statute. We are of opinion, however, that the statute of 1810(1. Digest 258,) and that of 1811 (I. Ib. 262.) for regulating civil proceedings in all suits at common law, must be understood as applying to writs for dower, not only as to the sel Vlce anc* return of process, but also as to the pleadings and trial: Consequently, a count will be ne. cessary whether the tenant appear or not, and the cfise, like other common law suits, may stand for trial at f>rs(: term after ten days personal service of the writ.
Prior to the statute of Merton a demandant was not entitled to recover damages in any w'ritof dower, ^lai: statute allowed damages when the husband had diedseized. Butsince its enactment the commonlaw form of declaring (when a count became necessary,} was not changed; and consequently it was never necessary to aver, in the count, that the husband died seized.- But when the demandent had obtained judgment ^"or ^°'v'er by default and without a count, a writ ot inclu'ry ofdamages was not awarded unless it suggested on the record that the husband had died seized..
The tenant* by default, admita the demandant’s *589 rightto dower so far as her count alleges a legal claim: consequently a judgment for the dower should be rendered, in such a case, in consequence of (he default, But there should be no writ of inquiry unless it be inferrable from the count that the demandant claims damages by avering, in substance, that her husband died seized. For, unless the count can be construed as importing an allegation that the husband died seized, a default does not admit that the demandant has a right to damages or to a writ of inquiry: and as a writ of inquiry in a case of dower should be executed ín court, (as in ordinary cases in this country) the tenant might be surprised if there should be an inquisition as to damages when he had not been notified by the count or otherwise that the demandant claimed or was ever entitled to any damages. It seems to us that as, according to the statutes of 1810-11, writs of dower should be tried in the same manner as other suits at law are triable, whenever a demandant may be entitled to a writ of inquiry the inquisition should be held on the hearing of the cause in court; and hence, as the common law mode of suggesting on the record that the husband died seized and of notifying the tenant of the time of holding the inquisition in the country is ineligible and inappropriate here, there should be no inquiry of damages, by default, unless, the count allege, in effect, that the husband died Seized.
er”tand trial, like othercommon fia^ term’after ten days personal ser-of the
prj0r to statute of Merton tied to reco-" ver damages writ of
inawrit of dower, whenever deman-tit" tow^it^of inquiry, the inquisition on°the hearfng of the cause, court,
mod^ftmriu of dower) of suggesting 0n hu^band^'died seized, and of notifying ten-íJoítHn ^'ihe inqu]sRion0¡a the country, aJaataa¡Pi>^jg state,
In writs of ^¡uid inquiry of**0 damages, by default,unless tiie count ai lege, in effect, that the husband mea seized.
*589 The count in this case does not allege that the husband died seized; consequently the writ ofinqui-ry was unauthorised, and ought to have been set aside. When a defendant admits, by default, that the plaintiff-is entitled to damages, a demurrer to evidence on the inquiry would be irregular, because the effect of a demurrer to evidence, and of a judgment sustaining such demurrer, is, that the plaintiff is not entitled to any damages; and, therefore, when a defendant has admitted, by his default, that the plaintiff is entitled to some'-damages, he should not dernurr to illegal or insufficient testimony, but should object to its introduction or move to exclude it. But as the default in this case did not admit that the demandant was entitled to any damages, the demurrer to the evidence, which proved that her husband had sold and conveyed the land in his life time, was proper, *590 although a motion to set aside the inquisition or quash W^t inquiry might, perhaps, have been more regular* The demandant was not entitled to costs unless she had been entitled to damages, for we know of no law allowing costs to a demandant in a writ of dower when she fails to obtain damages.
Demandant in writ of dower is not entitled to costs, unless she recovers damages.
demandant to dower,^her^ aver in'sub-«tance,that «he was the the^husband^ was, during the coverture, /reelo/íUnter-est, at least, To entitle a
Neither the grand nor^pet-applicable to the procedure dower in this country.
In a proceeding by writ of other process, jor warning the tenant, is j^°®ssaryrit jna"afn7er,0f the precipe, the form of by’ an act of 1796 I. Dig.
*590 Wherefore, as to the damages and costs, the circuit court did not err in sustaining the demurrer. But it erred in giving costs to the tenant, as he had not entered an appearance, and also in rendering judgment in bar of the action. As the default admitted the right to dower so far as it was sufficiently alleged in the count, judgment ought to have been given for dower: and if the count be defective, still the court erred in barring the action; and therefore the judgment must be reversed. As the case will be remanded and may be re-tried, it is proper to observe that the count is defective in not alleging that the husband was ever seized of such an estate as would entitle the wife to dower. To entitle a demandant to dower her count must aver, in substance, that she was the wife; and that the husband was, during coverture, seized of a freehold interest at least; see Booth on real actions; Sanders’ supra, and Ambler and wife vs. Norton, IV. Henning & Munford, 42. It is true that a freehold man be only a life estate: but it is a maxim in pleading that a freehold shall, prima facie, be understood to mean the largest estate in fee. The count in this case avers only, that the husband had “purchased" the land: That is not equivalent to an averment that he had acquired a freehold interest; because he might have “purchased”only an estate for years, of which his wife would not have been dowable.
As there may be another trial, we deem it not improper to make a further suggestion as to the mode of obtaining and enforcing a judgment for dower. Neither the grand nor petty cape can be applicable or pr0per ¡n the procedure by writ of dower in this state; because, according to the statute regulating the mode of proceeding in common law actions, a judgment may be obtained at the appearance term: nor is any other process necessary or proper for warning the tenant, than a writ in the nature of thepre-c-.pe an¿ the form of which is given, in outline, by nn act of 1796 (I. Dig. 445.)
of . . ment for Power, together husband ha« died seized, be Sfaie as th„ form of Euch judgment pre-SauIK 331^2.
Return on writ of seizin of dower may, for sufficient Cd!1ghe(iean¿ a'nevvwrit issued.
If hnsbandhas landin'hislife time, seizin should be given to the wife of a third in yal,’e accord-me to the con* dition of the , oVfteallenation.
.Reid, for plaintiff.
In England, when the tenant appeared and pleaded to the action, if the demandant obtained judgment for dower, it was rendered for one third of the land (described in the count) to be ascertained and allotted to her by metes and bounds by the sheriff, on an inquisition by two or more persons selected by him in pursuance of the writ of seizin on which he made his return to court shewing the manner in which he had executed it, and what land he had delivered to the demandant. The form of the judgment for dower, together with that for damages when the husband died seized, may be seen in II. Sanders, 331-2. Such must be. the judgment in this country, whether rendered upon an issue or by default, because, as neither the grand nor petty cape can be used and as a judgment may be rendered at the first term succeeding the service of the writ, the dower cannot be designated here prior to the'judgment, as it was in England when there was a default; and therefore must, in all cases alike, be set apart in severalty by the sheriff acting under the writ of seizin. If either party have cause to complain or the manner or executing the writ the return may, for sufficient cause, be quashed, and a new writ issued.
If the husband had alienated the land in his life time, seizin should be given to the wife of a third in value, according to the condition of the land at the date of the alienation; Perkins’ (Tit. Dow. sec. 328;) Hargrave’s note (193) to lib. I. Co. Lit. Humphrey vs. Phinney, (II. Johnson’s Rep. 484;) Dorchester vs. Coventry, (XI. Ib. 512;) Shaw vs. White, (XIII. Ib. 179.)
On the return of the cause to the circuit court the demandant may amend her count, and the defendant c j ^ j may, of course, appear and plead.
Judgment reversed, and cause remanded for further proceedings consistent with this opinion.